# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF PENNSYLVANIA
# HARRISBURG DIVISION

| | | |
|---|---|---|
| In re<br>Wendt Communication Partners, LLC<br>Debtor | :<br>:<br>:<br>: | Case No. 24-02511<br>Chapter 11– Subchapter V<br><br>Hon. Henry W. Van Eck<br>United States Bankruptcy Judge |

## STIPULATION AND AGREED ORDER RESOLVING TD BANK, NA'S OBJECTION TO DEBTOR'S AMENDED PLAN OF REORGANIZATION DATED JANUARY 6, 2025

Wendt Communication Partners, LLC (the "Debtor"), and the TD Bank, NA ("TD Bank"), each by and through counsel, and for their resolution of the objection filed by the TD Bank [ECF No. 86, and the treatment of the TD Bank's claim under Debtor's Amended Chapter 11 Subchapter V Plan Of Reorganization dated January 6, 2025 [ECF No. 77] or any subsequently filed plan of reorganization (as amended and/or modified, the "Plan"), agree and stipulate to the following:

1. On April 24, 2023, Debtor executed a promissory note in the amount of $250,000.00 (the "Note"), and a security agreement ("Security Agreement"), with TD Bank as the lender and the secured party, (collectively the "TD Bank Loan Documents").

2. On April 27, 2023, TD Bank filed a UCC-1 with the Office of the Pennsylvania Secretary of State and was the first party to perfect its interest in all company assets including the "accounts" of the Debtor. (POC No. 9, the "TD Bank Claim").

3. Debtor filed a voluntary petition for relief under chapter 11 of Bankruptcy Code on October 1, 2024, (the "Petition Date"). Debtor continues to manage and operate the business as the debtor in possession pursuant to §§ 1107 and 1108.

4. Debtor scheduled $221,001.56 in assets, $83,899.66 of which are contingent on recoveries for pre-petition transfers. [ECF No. 1, pp 10 -14], and $3,500.00 of which are tangible assets used in the day-to-day operations of the business.

5. On October 11, 2024, an interim order authorizing the use of cash collateral was entered [ECF No. 35; the "Cash Collateral Order"]. The value of the cash collateral was established at $109,308.36 for the purposes of the interim order. [ECF No. 35].

6. Debtor filed its Plan of Reorganization on December 30, 2024 [ECF No. 74]. On January 6, 2025, the Plan was amended. [ECF No. 77]. The amended plan valued the company assets at $109,308.36 [ ECF No. 77, Section 4.02(b)].

7. TD Bank Objected to the Plan on various grounds including that the Plan undervalued the company assets in light of the purpose of the proposed disposition of the property, and that failed to treat TD Bank's Claim fairly and equitably as required under §§ 1129(b)(2)(A) and 1191(c). [ECF no. 86, the "TD Bank Objection"].

8. Based on the information and documents exchanged between the parties, including detailed analyses of the Debtor's assets, operations, and financial projections, and Debtor's determination in its business judgment that a resolution of the objection would be in the best interest of the estate, Debtor and TD Bank have negotiated a mutually agreeable treatment of the TD Bank Claim. This negotiated treatment, which includes TD Bank's retention of adequate protection payments separate from and in addition to its Allowed Secured Claim, represents fair consideration for TD Bank's agreement to support confirmation and provides value to the estate by avoiding costly litigation over plan confirmation.

9. The parties acknowledge that this Stipulation represents a comprehensive settlement of TD Bank's Objection to the Plan. As consideration for TD Bank's agreement to withdraw its Objection and support confirmation of the Plan, the parties have agreed to the treatment of TD Bank's claim as set forth herein, including but not limited to TD Bank's retention of adequate protection payments without reduction of its Allowed Secured Claim. The parties agree that this treatment is fair and equitable, serves the best interests of the estate, and is supported by sound business judgment

10. Notwithstanding contrary provisions in the Plan, and as consideration for withdrawal of the TD Bank Objection, **IT IS STIPULATED AND AGREED THAT**:

(a) The TD Bank Claim (POC No. 9) shall be allowed in the amount of $249,713.85.

(b) As of the effective date of the Plan, TD Bank shall have an allowed secured claim with a present value of $137,102 (the "Allowed Secured Claim"). As part of the resolution of TD Bank's Objection to the Plan, the parties agree that any adequate protection payments received by TD Bank prior to the Effective Date shall be retained by TD Bank and shall not reduce or be credited against the Allowed Secured Claim. TD Bank shall retain the lien securing its claim to the extent of the value of the Allowed Secured Claim, whether the property subject to such lien is retained by Debtor or transferred to another entity..

(c) The parties stipulate and agree that the $137,102 value of the Allowed Secured Claim represents the agreed value of TD Bank's collateral as of the Petition Date. The adequate protection payments were negotiated to compensate TD Bank for any post-petition diminution in value of its collateral and constitute separate consideration from the Allowed Secured Claim amount.

(d) TD Bank shall be entitled to equal monthly principal and interest payments calculated as the present value of the Allowed Secured Claim bearing interest at the rate of 10.50% per annum over a 60-month term beginning on the Effective Date of the Plan.

(e) Monthly payments shall be made beginning on the 20th day of the first month following the effective date of the Plan and shall continue until the entry of the Sale Order (as defined in the Plan), the dismissal or the conversion to a case under chapter 7 of the Bankruptcy Code.

(f) TD Bank shall be entitled to distributions from the proceeds of any sale of the company assets in the following order of priority: (i) after distributions are made to holders of administrative claims but before distributions to claims entitled to priority under § 507 of the Code, TD Bank shall receive payment of the full Allowed Secured Claim of $137,102, without reduction or credit for any adequate protection payments received; and (ii) thereafter, TD Bank shall receive its pro rata share, as a general unsecured creditor, of any remaining sale proceeds available for distribution to the general unsecured class on account of its TD Bank Unsecured Claim of $112,611.85. The parties acknowledge and

agree that this treatment, combined with TD Bank's retention of all adequate protection payments, represents a fair and equitable resolution of TD Bank's Objection..

(g) By operation of §506(a), TD Bank shall have an allowed general unsecured claim in the amount of $112,611.85, representing the difference between the total TD Bank Claim of $249,713.85 and the Allowed Secured Claim of $137,102 (the "TD Bank Unsecured Claim"). The TD Bank Unsecured Claim shall be treated in the same manner and under the same terms as all other allowed general unsecured claims and shall be entitled to its pro rata share of distributions to the general unsecured class under the Plan..

11. All other terms of the TD Bank Loan Documents not directly altered by this stipulation and agreement shall remain in full force and effect.

12. In the event of a default on payments to TD Bank as provided for herein and as incorporated into the Plan, the Debtor shall have ten (10) calendar days from the date any payment is due to cure any default(s). If Debtor fails to timely and/or fully cure the default(s), and without any notice required of any kind, TD Bank may file with the Court a declaration of default and tender for entry an order terminating the automatic stay that, among other things, provides that any stay provided for in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is waived.

13. Unless otherwise consented to by TD Bank, Debtor agrees to incorporate this Stipulation and the treatment the TD Bank Claim to any amended plan, and that if any term of any Plan conflicts with the terms of this Stipulation, the terms of this Stipulation shall control. Debtor shall expressly incorporate the material terms of this Stipulation to the confirmation order.

**HAVE SEEN AND AGREE**

| | |
|---|---|
| /s/ *Phillip Berger, Esq.* | */s/ J. Christian Dennery* |
| (Electronically signed with permission) | J. Christian A. Dennery, Esq. |
| Phillip Berger, Esq. | Dennery, PLLC |
| 919 Conestoga Road, Building 3, Suite 114 | PO Box 121241, Covington, KY 41012 |
| Bryn Mawr, PA 19010 | Tel: 859-692-3685 |
| 610-668-077 4 | Fax: 859-386-2687 |
| Berger@BergerLawPC.com | jcdennery@dennerypllc.com |
| Attorneys for TD Bank, NA. | Attorney for Debtor and Debtor in Possession |